### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE HAMILTON | : | CIVIL ACTION |
| | : | No.  2:21-cv-1733 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JB HUNT TRANSPORT SERVICES, INC. and MARK F. MINTO | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA:

Defendant, J.B. Hunt Transport, Inc., incorrectly identified as JB Hunt Transport Services, Inc. (hereinafter "Defendant"), by and through its attorneys, Rawle & Henderson LLP, respectfully avers as follows:

1. Plaintiff commenced this Civil Action in the Court of Common Pleas of Allegheny County, Pennsylvania, by filing a Complaint on or about November 24, 2021. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2. According to the allegations of the Complaint, this action arises out of an October 18, 2021, incident wherein the Defendant's vehicle departed its lane of travel and struck the Plaintiff's vehicle on the berm of highway. See Exhibit A.

3. To date, no party has been properly served and joined to this action.

4. The Complaint was the first pleading, motion, order or other paper from which it was ascertainable that the case was one which was removable.

5. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b) because the Notice of Removal is being filed within thirty (30) days after service of the Complaint. Moreover, this Removal is being filed within thirty (30) days after the Complaint was filed in state court.

6. This Honorable Court has court has original jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

7. This action is subject to removal pursuant to 28 U.S.C. §1441 and *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 150 (3d Cir. 2018)

8. Removal is being sought to the U.S. District Court for the Western District of Pennsylvania because Plaintiff filed the Complaint in a state court within this Court's jurisdiction.

9. The reasonable value of the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff demands damages in an amount in excess of the jurisdictional threshold for the Court of Common Pleas of Allegheny County, Pennsylvania, where the state-court Complaint was filed. See Exhibit A.

11. Plaintiff Antoine Hamilton alleges he sustained "serious and personal injuries, some or all of which are permanent in nature and may last into the future." Exhibit A, ¶ 15.

12. Plaintiff Antoine Hamilton alleges he "was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future." Exhibit A, ¶ 16.

13. Plaintiff Antoine Hamilton alleges he "suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future." Exhibit A, ¶ 17.

14. Plaintiff Antoine Hamilton alleges he "has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq." Exhibit A, ¶ 18.

15. Plaintiff Antoine Hamilton alleges he "has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover." Exhibit A, ¶ 19.

16. Plaintiff Antoine Hamilton alleges he "has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover." Exhibit A, ¶ 19.

17. Thus, based upon the alleged injuries and damages, Plaintiff has set forth claims in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

18. At all times material hereto, Plaintiff, Antoine Hamilton is an individual residing at 707 Willow Drive, West Mifflin, PA 15122.  Exhibit A, ¶ 1.

19. At all times material hereto, JB Hunt Transport Services, Inc., was and is alleged to be a business corporation with its principal place of business in the state of Indiana. Exhibit A, ¶ 2.

20. At all times material hereto, J.B. Hunt Transport, Inc., incorrectly identified as JB Hunt Transport Services, Inc., was and is a Georgia corporation with its principal place of business in the state of Arkansas. Exhibit A, ¶ 2.

21. Thus, diversity of citizenship within the meaning of 28 U.S.C. §1332, exists among Plaintiff and Defendants since:

    (a) Plaintiff is a citizen of the Commonwealth of Pennsylvania; and

    (b) Defendant is a citizen of Indiana and/or Georgia and/or Arkansas; and

    (c) No Pennsylvania-citizen party has been properly joined and served.

22. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

23. Written notice of this Notice of Removal is being given to Plaintiffs' counsel as required by law.

24. Pursuant to 28 U.S.C. §1146(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of the Common Pleas of Allegheny County.

WHEREFORE, Defendant, J.B. Hunt Transport, Inc., incorrectly identified as JB Hunt Transport Services, Inc., prays that the above-captioned action now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, be removed therefrom to this Honorable Court.

                                   RAWLE & HENDERSON LLP

                              By: _____
                                   Gary N. Stewart, Esquire
                                   Attorney I.D. No. 67353
                                   Grant H. Hackley, Esquire
                                   Attorney I.D. No. 206141
                                   Attorneys for Defendant,
                                   J.B. Hunt Transport, Inc., incorrectly identified as
                                   JB Hunt Transport Services, Inc.
                                   535 Smithfield Street, Suite 1000
                                   Pittsburgh, PA  15222
                                   gstewart@rawle.com
                                   ghackley@rawle.com
                                    (412) 261-5700

Dated: November 29, 2021

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within-captioned document was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Alexander C. Hyder, Esquire
ahyder@forthepeople.com
Morgan & Morgan
2005 Market Street, Suite 350
Philadelphia, PA 19103
**Attorneys for Plaintiff**

RAWLE & HENDERSON LLP

By: _____
Gary N. Stewart, Esquire
Grant H. Hackley, Esquire

Dated: November 29, 2021

15466783-1