# EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| ANTOINE HAMILTON | : | CIVIL DIVISION |
| | : | |
| Plaintiff | : | GD No. _____ |
| | : | |
| vs. | : | **COMPLAINT IN CIVIL ACTION** |
| | : | |
| JB HUNT TRANSPORT SERVICES INC. | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | Filed on Behalf of Plaintiff, |
| | : | Antoine Hamilton. |
| MARK F MINTO | : | |
| | : | Counsel of Record for this Party: |
| Defendants | : | |

Alexander C. Hyder, Esquire
PA I.D. #: 320939

**MORGAN & MORGAN**
2005 Market Street, Suite 350
Philadelphia, PA 19103
p. (267)780-2985 (phone)
f. (267)780-2920
ahyder@forthepeople.com

# NOTICE

## YOU HAVE BEEN SUED IN COURT

If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE**

**Lawyer Referral Service**
**Allegheny Bar Association**
**11th Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**Telephone: (412) 261-5555**

**IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ANTOINE HAMILTON : | |
| : | |
| Plaintiff : | CIVIL DIVISION |
| : | |
| vs. : | |
| : | GD No. _____ |
| JB HUNT TRANSPORT SERVICES INC. : | |
| : | |
| and : | |
| : | |
| MARK F MINTO : | |
| : | |
| Defendants : | |

**CIVIL ACTION COMPLAINT**

1. The Plaintiff herein is Antoine Hamilton, an adult individual, who currently resides at 707 Willow Drive, West Mifflin, PA 15122.

2. The Defendant herein is JB Hunt Transport Services Inc., an organized and existing business entity having a place of business at 9200 East 146th Street, Noblesville, IN 46060.

3. The Defendant herein is Mark F Minto, an adult individual, who currently resides at 911 Rutgers Drive, Allison Park, PA 15101.

4. At all times relevant hereto, Defendant Mark F Minto, was acting within the course and scope of his employment with the Defendant JB Hunt Transport Services Inc., in the furtherance of the business interests and objectives of the Defendant JB Hunt Transport Services Inc., and with the actual and/or implied authority of the Defendant JB Hunt Transport Services Inc.

5. At all times hereto, Defendant, JB Hunt Transport Services Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of

Pennsylvania, and regularly conducts and conducted business in Allegheny County.

6. At all times material hereto, Defendant, JB Hunt Transport Services Inc. acted or failed to act through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

7. At all times material hereto, Defendant, JB Hunt Transport Services Inc., established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial tractor-trailers.

8. At all times relevant hereto, the Plaintiff, Antoine Hamilton, was the operator of a 2017 Volkswagen Jetta automobile.

9. At all times relevant hereto, the Defendant, Mark F Minto, was the operator of a commercial semi-truck, bearing Indiana license plate number 2699661 (hereinafter the "subject truck"), which was owned by a commercial trucking carrier, Defendant, JB Hunt Transport Services Inc.

10. At all times relevant hereto the Defendant, Mark F Minto, was hauling a tractor-trailer bearing Oklahoma license plate number 2353JN (hereinafter the "subject tractor-trailer").

11. On or about October 18, 2021, at approximately 8:06 a.m., Plaintiff was traveling southbound on I-79 in the vicinity of mile-marker 102 in Slippery Rock, Pennsylvania. Plaintiff's car stalled out, causing him to pull over completely and fully onto the right shoulder and turn on the vehicle's hazard lights.

12. On or about the above mentioned date and time, the subject truck and subject tractor-trailer owned and operated by Defendants, while traveling south on I-79 at a high rate of speed, failed to negotiate a curve in the roadway and, due to its high rate of speed, lost control and swerved into the right shoulder, violently striking Plaintiff's vehicle, thereby causing Plaintiff's

personal injuries as more fully hereinafter described.

13. As a result of the collision, Plaintiff's vehicle was struck with a significant amount of force and was caused to incur the following severe and disabling damage:



14. The conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner at a high rate of speed for the roadway conditions, which caused Plaintiff's serious and permanent injuries.

15. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject truck and subject tractor-trailer of Defendants herein, Plaintiff, Antoine Hamilton, was caused to sustain serious and personal injuries, some or all of which are permanent in nature and may last into the future.

16. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

17. As a further result of his injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite

time into the future.

18. As a further result of his injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

19. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

20. The aforementioned conduct of the Defendants, notably the high rate of speed for the roadway conditions, foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiff, and which caused Plaintiff's severe personal injuries as set forth herein.

21. Plaintiff's injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

22. Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff or any other individuals and/or entity.

23. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

**COUNT I**

## ANTOINE HAMILTON vs. JB HUNT TRANSPORT SERVICES INC.

24. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

25. At all times relevant hereto Defendant, JB Hunt Transport Services Inc., regularly performed freight services in the County of Allegheny.

26. At all times relevant hereto, Defendant, JB Hunt Transport Services Inc., employed, supervised, and trained the operator of the subject truck and subject tractor-trailer, Defendant, Mark F Minto.

27. The injuries, damages and losses suffered by Plaintiff, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of the Defendant, JB Hunt Transport Services Inc., jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

   a. failing to properly train their employees;

   b. failing to properly maintain their trucks, including the subject truck;

   c. failing to properly maintain their tractor-trailers, including the subject tractor-trailer;

   d. failing to properly service their tractor-trailers, including the subject tractor-trailer;

   e. failing to inspect their tractor-trailers, including the subject tractor-trailer;

   f. failing to properly maintain, service, and/or inspect the brakes and brake systems of their tractor-trailers, including the subject tractor-trailer;

   g. failing to ensure the subject truck and subject tractor-trailer were operated by a properly trained and licensed driver;

   h. failing to properly monitor driver performance;

   i. promoting and encouraging drivers to rush at the expense of safety;

   j. violating commercial motor vehicle regulations; and

    k.  failing to use due care under the circumstances;

  28.  The conduct of the Defendant, JB Hunt Transport Services Inc., caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiff described at length herein.

  29.  As a direct and proximate result of the negligence, carelessness, reckless, and/or other liability-producing conduct of the Defendant, JB Hunt Transport Services Inc., Plaintiff sustained severe and permanent injuries and damages, as previously described.

  30.  The Defendant, JB Hunt Transport Services Inc., knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff.

  31.  The conduct of the Defendant, JB Hunt Transport Services Inc., rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

  32.  The Defendant, JB Hunt Transport Services Inc., acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff.

  33.  The Defendant, JB Hunt Transport Services Inc., is jointly and severally liable for the injuries and damages of Plaintiff's decedent and Plaintiffs.

  **WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT II

## ANTOINE HAMILTON v. MARK F MINTO

  34.  The Plaintiff herein incorporates by reference the preceding paragraphs as if same

were set forth at length herein.

35. At all times relevant hereto, Defendant, Mark F Minto, was an employee, agent, ostensible agent, servant, and/or worker of Defendant, JB Hunt Transport Services Inc.

36. At the time of the accident, Defendant, Mark F Minto, was acting within the course and scope of his employment and/or agency with the Defendant, JB Hunt Transport Services Inc.

37. The negligence, carelessness, and recklessness of Defendant, Mark F Minto, consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of the subject truck and subject tractor-trailer so as to avoid crashing into the Plaintiff;

   b. Failing to pay proper attention while operating the subject truck and subject tractor-trailer;

   c. Operating the subject truck and subject tractor-trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

   d. Operating the subject truck and subject tractor-trailer at a high rate of speed for the roadway conditions;

   e. Failing to have the subject truck and subject tractor-trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

   f. Failing to remain alert;

   g. Failing to operate the subject truck and subject tractor-trailer in accordance with the FMCSR and the laws of the Commonwealth of Pennsylvania;

   h. Failing to make necessary and reasonable observations while operating the

       subject truck and subject tractor-trailer;

i.    Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

j.    Failing to timely and properly apply his brakes;

k.    Violating both the written and unwritten policies, rules, guidelines, and regulations of JB Hunt Transport Services Inc. and/or the County of Allegheny;

l.    Failing to observe the shoulder and its occupants;

m.    Failing to maintain an assured clear distance;

n.    Failing to apprise himself of and/or abide by the FMCSR;

o.    Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.    Failing to properly inspect his truck and tractor trailer in violation of the FMCSR; and

q.    Acting with a conscious disregard for the rights and safety of the Plaintiff;

38.    For the reasons set forth above, Defendant, Mark F Minto's operation of the subject truck and subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff.

39.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Mark F Minto, Plaintiff sustained severe and permanent injuries and damages, as previously described.

40. The conduct of Defendant, Mark F Minto, rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiff's harm and damages as set forth herein.

41. Defendant, Mark F Minto, acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiff.

42. This and other misconduct of Defendant, Mark F Minto, constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this court deems necessary.

## COUNT III

## ANTOINE HAMILTON v. JB HUNT TRASNPORT INC., as being vicariously liable for MARK F MINTO

43. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

44. At all times relevant hereto, Defendant, Mark F Minto, was an employee, agent, ostensible agent, servant, and/or worker of the Defendant, JB Hunt Transport Services Inc.

45. At the time of the accident, Defendant, Mark F Minto, was acting within the course and scope of his employment and/or agency with the Defendant, JB Hunt Transport Services Inc.

46. The Defendant, JB Hunt Transport Services Inc., is vicariously liable as the employer and/or principal of Defendant, Mark F Minto, for the injuries, resulting losses and expenses of Plaintiff for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

47. The Defendant, JB Hunt Transport Services Inc., owed a duty to Plaintiff to ensure their employees were properly supervised, monitored, trained, and/or qualified.

48. The Defendant, JB Hunt Transport Services Inc., owed a duty to Plaintiff to establish and enforce safety policies and procedures addressing safety.

49. The conduct of the Defendant, JB Hunt Transport Services Inc., caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiff described at length herein.

50. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of the Defendant, JB Hunt Transport Services Inc., Plaintiff sustained serious and permanent injuries and damages, as previously discussed.

51. The Defendant, JB Hunt Transport Services Inc., is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this court deems necessary.

MORGAN & MORGAN

_____
ALEXANDER C. HYDER, ESQUIRE
*Trial Counsel for Plaintiff*

Date: 11/24/2021

## IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE HAMILTON | : | |
| Plaintiff | : | CIVIL DIVISION |
| vs. | : | |
| | : | GD No. _____ |
| JB HUNT TRANSPORT SERVICES INC. | : | |
| and | : | |
| MARK F MINTO | : | |
| Defendants | : | |

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

MORGAN & MORGAN

_____
ALEXANDER C. HYDER, ESQUIRE
*Trial Counsel for Plaintiff*

Date: 11/24/2021

## **VERIFICATION**

I, _____Antoine Hamilton_____, hereby state that I am the Plaintiff in the within action and that the facts set forth in this _____Civil Action Complaint_____ are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____

DATE: 11/24/2021