# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1733 |
| ) | Judge Nora Barry Fischer |
| JB HUNT TRANSPORT SERVICES, INC., ) | |
| and MARK F. MINTO, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 30th day of November, 2021, upon consideration of the Notice of Removal filed by Defendant JB Hunt Transport Services, Inc., ("JB Hunt") (Docket No. 1), wherein JB Hunt attempts to remove this case pursuant to 28 U.S.C. § 1441 and asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiff Antoine Hamilton, a Pennsylvania citizen and JB Hunt, a citizen of Indiana, Georgia and/or Arkansas but does not address the citizenship of Defendant Mark F. Minto ("Minto"), and the allegations in Plaintiff's Complaint, (Docket No. 1-1), stating that Minto is citizen of Pennsylvania, and the relevant standards pertaining to removals requiring that "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court," *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005), and if the removal is premised on diversity of the parties pursuant to 28 U.S.C. § 1332, the removing party must show "complete diversity between all plaintiffs and all defendants," *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015), and the persuasive caselaw holding that the U.S. Court of Appeals for the Third Circuit's interpretation of the forum-defendant rule in *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147 (3d Cir. 2018) has no application when the parties are not completely diverse and the

1

Court lacks original subject matter jurisdiction, s*ee Cassell v. Little, et al.*, Civ. A. No. 1:21-cv-00499, 2021 WL 1837647, at *2-3 (M.D. Pa. May 7, 2021) (citing numerous cases for the same proposition), the Court finds that JB Hunt has failed to meet its burden to demonstrate that the removal is appropriate because the parties are not completely diverse and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332,

ACCORDINGLY, IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c) this case is REMANDED to the Court of Common Pleas of Allegheny County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and send a certified copy of this Order to the Prothonotary of the Court of Common Pleas of Allegheny County, forthwith.

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> Senior U.S. District Judge

cc/ecf:  All counsel of record.

Prothonotary, Court of Common Pleas of Allegheny County